**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4227**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TIMOTHY ALEXANDER DEVINE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever, III, Chief District Judge.   (5:07-cr-00010-D-1; 5:10-cv-00091-D)

Submitted:  January 31, 2014          Decided:  February 11, 2014

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Alexander Devine pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012).[*] The district court sentenced Devine to 120 months of imprisonment. The court upwardly departed from a Sentencing Guidelines range of 51 to 63 months to a range of 110 to 137 months under U.S. Sentencing Guidelines Manual § 4A1.3(a)(1) (2012), based on a combination of factors, including "past convictions for serious and violent offenses, numerous probation violations, disciplinary actions, gang involvement including [new] gang involvement while in federal custody, and receipt of lenient treatment for prior felonious conduct." In addition, the court stated that even if the upward departure was erroneous, it would impose the same sentence as a variance under the factors set forth in 18 U.S.C. § 3553(a) (2012). Devine now appeals his sentence. For the reasons set forth below, we affirm.

---

[*] Devine was originally sentenced pursuant to an upward variance and upward departure to a term of 262 months. In 2012, Devine filed a motion to vacate his sentence under 28 U.S.C. § 2255 (2012) based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The district court granted the motion to vacate the sentence because, after Simmons, Devine no longer had three qualifying felonies under 18 U.S.C. § 924(e); however, he still had two qualifying convictions under 18 U.S.C. § 922(g). Therefore, the new maximum sentence was 120 months.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, and failing to adequately explain the selected sentence. Id. To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. Id. at 330. "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Devine challenges his sentence on two grounds: (1) the district court procedurally erred in upwardly departing because his criminal history category did not underrepresent the seriousness of his criminal history, and the court failed to

3

adequately explain incrementally why it chose the criminal history category and offense level that it did; and (2) the sentence is substantively unreasonable. The Government argues that the court should affirm the sentence because the upward departure is proper under the Guidelines and, alternatively, the variance sentence is reasonable.

In United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008), we explained that "[w]hen . . . a district court offers two or more independent rationales for its [sentencing] deviation, an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just one of these rationales." Affirming the sentence, we stated:

> [t]he record provides abundant support for the district court's conclusion that the § 3553(a) factors support the sentence. Accordingly, even assuming the district court erred in applying the Guideline[s] departure provisions, Evans' sentence, which is well-justified by § 3553(a) factors, is reasonable.

Id.; see also United States v. Rivera-Santana, 668 F.3d 95, 104 (4th Cir.), cert. denied, 133 S. Ct. 274 (2012) (even if the district court erroneously departed upward from the advisory guideline range, the asserted departure error was harmless "because the upward variance based on the § 3553(a) factors justified the sentence imposed"); United States v. Grubbs, 585 F.3d 793, 804 (4th Cir. 2009) (holding that even if the district court erred in its departure analysis, "the resulting sentence

4

is procedurally reasonable because the district court adequately explained its sentence on alternative grounds supporting a variance sentence, by reference to the . . . § 3553(a) factors"). The same reasoning applies here. This court need not address whether the district court properly departed under § 4A1.3(a)(1) because the district court explicitly stated that it would apply the same sentence as an alternative variance sentence considering the § 3553(a) factors, and the variance sentence is reasonable.

Devine has an extensive criminal history, which the district court discussed at length when considering the upward departure and § 3553(a) factors. The court noted that Devine's criminal history was serious and violent and included, among other things, two armed robberies that he was allowed to plead down on, numerous probation violations, gang activity and continuing gang involvement while in prison, an abysmal prison record in both state and federal custody, and "receipt of repeated lenient treatment for past felonious conduct." The court credited Devine with having matured and made rehabilitative efforts since his first sentencing, but found that Devine's criminal history and persistent participation in gangs demonstrated that a longer sentence was needed to "incapacitate, deter, [and] provide just punishment."

In addition to claiming that his sentence was excessively long, Devine claims that the district court substantively erred by impermissibly considering his continued gang participation in prison and erroneously finding "a need to deter and continued need to incapacitate." These arguments are unavailing because both of these considerations by the court speak directly to three § 3553(a) factors. See 18 U.S.C. § 3553(a)(1) (stating that court must consider the history and characteristics of the defendant); 18 U.S.C. § 3553(a)(2)(B) (stating that court must consider the need to deter the defendant); 18 U.S.C. § 3553(a)(2)(C) (stating that court must consider the need to protect the public from further crimes of the defendant).

The district court has broad discretion in sentencing decisions, see Gall, 552 U.S. at 51, and based on the court's careful consideration of the § 3553(a) factors, we cannot say that the alternative variance sentence is unreasonable. Therefore, even if the court was incorrect in upwardly departing under § 4A1.3(a)(1), that error would be harmless because the variance sentence based on the § 3553(a) factors is reasonable and thus "justifie[s] the sentence imposed." Rivera-Santana, 668 F.3d at 104.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED