**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4337**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL BRUCE MESSER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:18-cr-00575-BHH-1)

Submitted:  October 16, 2019                                    Decided:  November 15, 2019

Before KING, AGEE, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Joseph Attias, National Security Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Bruce Messer, Jr., appeals the upward variant, 120-month sentence imposed following his guilty plea to possession of a firearm by a felon and possession of a firearm and ammunition by a felon, both in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Messer challenges both the procedural and the substantive reasonableness of his sentence. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). We must "first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (alterations and internal quotation marks omitted). If we find no such procedural error, we must consider the substantive reasonableness of the sentence, considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). To be substantively reasonable, the sentence must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a) (2012).

Messer first asserts that the district court relied on inaccurate, misleading, or incomplete information in selecting his sentence. A criminal defendant has a due process right to be sentenced based on accurate information. *United States v. Nichols*, 438 F.3d 437, 440 (4th Cir. 2006). Relatedly, a court commits procedural error when it sentences a defendant "based on clearly erroneous facts." *Gall*, 552 U.S. at 51; *Spencer*, 848 F.3d at 327. "A [factual] finding is clearly erroneous when although there is evidence to support

2

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).

We discern no clear error in the district court's finding that Messer presented a danger to the public based on his demonstrated interest in committing violence on behalf of ISIS. Rather, the district court properly relied on the undisputed facts described in the presentence report and the Government's sentencing memorandum—both of which the court expressly adopted—in determining Messer's willingness to commit such violence and his future dangerousness to society. *See United States v. Dennings*, 922 F.3d 232, 237 n.3 (4th Cir. 2019) ("When a defendant fails to object to the PSR's factual findings, the district court may rely on them without engaging in further inquiry."). While Messer asserts that the facts identified by the Government merely indicated his curiosity regarding ISIS, we find no clear error, viewing the record in its entirety, in the district court's acceptance of Messer's online messages at face value, and its reliance on those messages as evidence of his dangerousness. *See United States v. Schmidt*, 930 F.3d 858, 868 (7th Cir. 2019); *United States v. Rayyan*, 885 F.3d 436, 440-41 (6th Cir.), *cert. denied*, 139 S. Ct. 264 (2018); *United States v. Hernandez-Villanueva*, 473 F.3d 118, 123 (4th Cir. 2007).

Next, Messer argues that the district court failed to adequately articulate the basis for the sentence it imposed. "[F]or every sentence—whether above, below, or within the Guidelines range—a sentencing court must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks omitted). The court must explain

3

the basis for its sentence sufficiently to "allow[] for meaningful appellate review" and to "promote[] the perception of fair sentencing." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). "The adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review. The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). Although the sentencing judge "need not robotically tick through the § 3553(a) factors," *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted), she must "set forth enough to satisfy the appellate court that [s]he has considered the parties' arguments and has a reasoned basis for exercising h[er] own legal decision-making authority," *Blue*, 877 F.3d at 518 (internal quotation marks omitted).

Our review of the record indicates that the district court provided a detailed explanation of its sentencing calculus, specifically highlighting a variety of facts relevant to the § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). Contrary to Messer's assertions on appeal, we conclude that the court's explanation evidences "an individualized assessment based on the particular facts of the case," *Lynn*, 592 F.3d at 576 (internal quotation marks omitted), which is adequate to demonstrate its reasoned basis for the exercise of its sentencing discretion and to enable meaningful appellate review.

Finally, Messer contends that the district court imposed a substantively unreasonable sentence, as the court's significant upward variance was greater than necessary to satisfy the purposes of sentencing. When reviewing substantive

4

reasonableness, "we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (alteration and internal quotation marks omitted). Where the district court has imposed a sentence outside the Guidelines range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "The farther the court diverges from the advisory [G]uideline[s] range, the more compelling the reasons for the divergence must be." *United States v. Tucker*, 473 F.3d 556, 561 (4th Cir. 2007) (internal quotations omitted).

We will vacate an above-Guidelines sentence "if its stated reasoning is inadequate or if it relies on improper factors." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017). However, we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). Ultimately, we "can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." *United States v. Yooho Weon*, 722 F.3d 583, 590 (4th Cir. 2013) (internal quotation marks omitted).

Despite the district court's significant upward variance, we conclude that the court's reasoning provided sufficient justification for the statutory maximum sentence it imposed. The court detailed various § 3553(a) factors bringing Messer's offense outside the

5

heartland of § 922(g)(1) offenses, reasonably emphasizing his lack of deterrence and the risk of future danger he posed to the public. *Cf. Rayyan*, 885 F.3d at 440, 442-43 (upholding significant upward variance based, in part, on defendant's "affinity for terrorism," expressed interest in committing terrorist attacks, and "willingness to flout the law to obtain firearms"); *United States v. Pruess*, 703 F.3d 242, 247 (4th Cir. 2012) (recognizing legitimate public safety interest in preventing felons from possessing firearms). Further, we reject Messer's assertion that the sentence creates unwarranted disparity with other § 922(g) defendants, as we have repeatedly upheld statutory maximum sentences for such defendants on substantive reasonableness grounds. *See, e.g.*, *United States v. Lee*, 740 F. App'x 338, 339-40 (4th Cir. 2018) (No. 18-4107); *United States v. Edwards*, 733 F. App'x 697, 699 (4th Cir. 2018) (No. 17-4682); *United States Crenshaw*, 721 F. App'x 312, 312-13 (4th Cir. 2018) (No. 17-4620); *United States v. Devine*, 554 F. App'x 208, 210 (4th Cir. 2014) (No. 13-4227).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*